PEOPLE, Respondent, v. WOOD, Appellant.

## No. 10,743; February 16, 1883.

**Larceny.**—Where the Contention of the Prosecuting Witness was that a transfer of money by him to defendant was intended to be a deposit, while that of the defendant was that it was intended to be a loan, the defendant was entitled to have the court instruct the jury to the effect that they should acquit him if they believed the understanding of both parties at the time of the transaction was that he was to use the money in his business.

APPEAL from Superior Court, San Francisco.

Leander Quint for appellant; Attorney General Hart for respondent.

By the COURT.—The defendant asked the court to give the following, among other, instructions, which was refused:

---

[1] Cited in Acker v. Superior Court, 68 Cal. 246, 9 Pac. 110, as authority for holding that the defendant might be forced by mandamus to proceed to try a case, appealed from a justice of the peace, on law and fact, where, instead of so trying the case, the court has remanded it to the justice for trial de novo.

"If you believe from the evidence that at the time the defendant obtained the one hundred and twenty-five dollars from the prosecuting witness, Radcliff, he intended to use the same in his business, and he, Radcliff, so understood it, you should acquit the defendant."

It was an important question in the trial of this case whether Radcliff intended to part with the title to the particular money delivered to Wood, by permitting the latter to use it in his business, thus constituting a loan, or whether Radcliff intended that the identical pieces of coin should be retained by Wood as security for faithful service. The defendant testified that it was understood by both parties that the money was to be used in the business. If that was true, the subsequent refusal to pay did not make the original obtaining the money larceny. The testimony of Radcliff was the reverse of that of Wood. The defendant was entitled to the instruction.

Judgment and order reversed, and cause remanded for a new trial.